**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIELLE MOWATT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: |
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., and ADRENALINE Y2K, INC., | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Danielle Mowatt, individually and on behalf of all others similarly situated, through her undersigned counsel, brings this class action complaint against Defendants, Playboy Enterprises International, Inc., and Adrenaline Y2K, Inc., (collectively, "Defendants") for violation of the Telephone Consumer Protection Act arising out of Defendants' unauthorized transmission of text messages to the cellular telephones of Plaintiff and other class members. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF ACTION**

1.      Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on its phone." Amanda Lenhart, Cell Phones and American Adults: They Make Just as

Many Calls, but Text Less than Teens, Pew Research Center (2010) at http://www.pewinternet.org/~/media/Files/Reports/2010/PIP_Adults_Cellphones_Report_2010.pdf (last visited Jan. 11, 2013).

2.      In one such effort to promote a nightclub event, Defendants engaged in an especially pernicious form of marketing:  the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout Illinois and the United States.

3.       By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay its cell phone service providers for the receipt of such wireless spam.

4.      In order to redress these injuries, Plaintiff, on behalf of herself and the Class defined herein, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("Telephone Consumer Protection Act" or "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

5.      On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff, Danielle Mowatt, is a natural person domiciled in Illinois.  Plaintiff is a member of the class defined herein.

7.      Defendant Playboy Enterprises International, Inc. ("Playboy"), is a Delaware

corporation with its principal place of business in Beverly Hills, California. Playboy is engaged in the publishing and adult entertainment business.

8.     Defendant Global Adrenaline Y2K, Inc. ("Global Adrenaline"), is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Global Adrenaline is an entertainment and marketing company specializing in celebrity and "VIP" nightlife events.

## JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

10.     Personal jurisdiction over Defendants is proper under 735 ILCS 5/2-209(b)(4) (corporation doing business within this State), and Section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(b)(4), and (c).

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this District including, *inter alia*, the transmission of unsolicited text messages to Plaintiff's and other Class Members' wireless telephone numbers located in this District.

## COMMON ALLEGATIONS OF FACT

12.     In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

13.     One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that

allows cellular telephone subscribers to use its cellular telephones to send and receive short text messages, usually limited to 160 characters.

14.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.  As cellular telephones are inherently mobile and are frequently carried on its owner's person, calls to cellular telephones, including SMS messages, may be instantly received by the called party virtually anywhere worldwide.

15.     Unlike more conventional advertisements, wireless spam can actually cost its recipients money, because cell phone users must frequently pay its respective wireless service providers either for each text message call they receive or incur an usage allocation deduction to its text plan, regardless of whether or not the message is authorized.

16.     Over the course of an extended period beginning in at least November 2012, Defendants or their agents on acting on their behalf directed the mass transmission of thousands of SMS text messages to the cellular telephones of Plaintiff and other members of the class promoting an event billed as the official Playboy New Year's Eve celebration.  Members of the class, including Plaintiff were under the age of 21 at the time.

17.     In this case, on November 23, 2012, at 11:00 a.m. Central Daylight Time, Plaintiff's cellular telephone alerted her that a text message had been received.

18.     The "from" field of such transmission was identified cryptically as "467-86," a format which is an abbreviated telephone number known as an SMS short code owned and/or operated by Defendants or their agents on their behalf.

19.     A true and correct image of the text message received by Plaintiff appears below:



20.     Upon information and belief, at all times relevant hereto, the URL contained in the above text message, http://ow.ly/fwlSl, linked to a website owned and operated by Defendants or by their agents on their behalf, and promoted an adults only nightlife event featuring Playboy Playmates, casino gambling, bar service and musical entertainment.

21.     The same adult nightlife event was promoted by Defendants or by their agents on their behalf at http://www.newyearshiltonchicago.com.

22.     Upon information and belief, the telephone number described above is owned and operated by Defendants or by their agents on their behalf.

23.     Through the use of the above-described SMS short code, Defendants transmitted unsolicited text messages to a list of cellular telephone numbers, including Plaintiff's, that they created or that was obtained by them.

24.     At no time did Plaintiff consent to the receipt of the above-referenced text message or any other wireless spam from Defendants.

**CLASS ACTION ALLEGATIONS**

25.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and Rule 23(b)(3) on behalf of herself and a Class (the "Class") defined as follows:

> All persons in the United States and its Territories who received one or more unsolicited SMS text messages sent by or on behalf of Playboy Enterprises International, Inc., Adrenaline Y2K, Inc. or both promoting a New Year's eve nightlife event at the Chicago Hilton on December 31, 2012.

26.     Excluded from the Class are Defendants and any of their officers, directors or employees, the presiding judge, and members of their immediate families.  Plaintiff hereby reserves her right to amend the above Class and subclass definition based on discovery and the proofs at trial.

27.     In order to make *en masse* transmissions of text message advertisements economical, Defendants or their agents used one or more short codes to transmit the text messages to thousands of consumers' cellular telephone numbers. As such, the Class consists of thousands of individuals and other entities, making joinder impracticable.

28.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

29.      Absent a class action, most members of the Class would find the cost of litigating its claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

30.     Defendants have acted or failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

31.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class Members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct described herein.

32.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, *inter alia*, the following:

(a)     Whether the wireless spam Defendants distributed violates the TCPA;

(b)     Whether Defendants acted willfully and, if so, whether Plaintiff and Class Members are entitled to treble damages; and

(c)     Whether the conduct alleged herein above violated class members' right to privacy.

## COUNT I

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*)**

33.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34.     Defendants made unsolicited commercial text calls, including the message

transcribed above, to the wireless telephone numbers of the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers. By using such equipment, Defendants were able to effectively send text messages to thousands of consumers' wireless telephone numbers without human intervention.

35.     These text calls were made *en masse* through the use of a short code without the prior express consent of the Plaintiff and the other Members of the Class to receive such wireless spam.

36.     Defendants have, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA. As a result of Defendants' conduct, Plaintiff and the Members of the Class suffered actual damages by having to pay their respective wireless carriers for receipt of such text messages where applicable and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

37.     Because Defendants had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to Section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other Members of the Class.

WHEREFORE, Plaintiff, Danielle Mowatt, on behalf of herself and the Class, prays for the following relief:

A.     An order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of the Class defined herein, and appointing Plaintiff as representative of the Class and her counsel as Class counsel;

B.     An award of actual and statutory damages;

C.      An injunction requiring Defendants to cease all wireless spam activities;

D.      An award of reasonable attorneys' fees and costs; and

E.      Such further and other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  January 22, 2012                    Respectfully submitted,

                                            DANIELLE MOWATT


                                    By:     s/ William M. Sweetnam
                                            One of Her Attorneys

                                            William M. Sweetnam
                                            *wms@sweetnamllc.com*
                                            Matthew M. Rossetti
                                            *mmr@sweetnamllc.com*
                                            Blake P. Nielsen
                                            *bpn@sweetnamllc.com*
                                            SWEETNAM LLC
                                            707 Skokie Boulevard, Suite 600
                                            (847) 559-9040
                                            (847) 919-4399 (fax)

                                            *Attorneys for Plaintiff and the Class*